UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------------------- X
:
**RUSSELL CARBONE**, :
:
Plaintiff, :
: **MEMORANDUM DECISION AND**
– against – : **ORDER**
:
: 25-CV-290 (AMD) (VMS)
**REAL TIME RESOLUTIONS, INC.**, :
:
Defendant. :
:
---------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

On December 24, 2024, the *pro se* plaintiff commenced this quiet title action in New York State Supreme Court, Kings County. The defendant timely removed the action to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. Before the Court is the plaintiff's motion to remand the case. For the reasons set forth below, the motion is denied.

## BACKGROUND

At issue is the property located at 2324 Bedford Avenue in Brooklyn, New York. (ECF No. 1-2.) The plaintiff, a New York-based real estate investor, claims an interest in the property; the defendant, a Texas loan servicing company, holds the mortgage. (ECF No. 1 ¶¶ 7–10; ECF No. 8 ¶ 1.) On December 24, 2024, the plaintiff filed suit in New York State Supreme Court, Kings County, seeking to expunge the defendant's mortgage and to quiet title the property. (ECF No. 1-2.)

The defendant removed the action to this Court on the basis of diversity jurisdiction on January 16, 2025 (ECF No. 1 ¶ 6), and on January 24, 2025, moved to dismiss the complaint for failure to state a claim, pursuant to Federal Rule of Civil Procedure 12(b)(6) (ECF No. 7). The

plaintiff moves to remand the case to state court (ECF No. 8), which the defendant opposes (ECF No. 9).[1]

## DISCUSSION

Under 28 U.S.C. § 1441, a defendant may remove "any civil action brought in a State court of which the district courts of the United States have original jurisdiction." 28 U.S.C. § 1441(a). "Removal jurisdiction must be strictly construed, both because the federal courts are courts of limited jurisdiction and because removal of a case implicates significant federalism concerns." *Williams v. Connell*, No. 12-CV-3593, 2017 WL 2829686, at *2 (E.D.N.Y. June 29, 2017) (quoting *In re NASDAQ Mkt. Makers Antitrust Litig.*, 929 F. Supp. 174, 178 (S.D.N.Y. 1996) (citation omitted)). Following removal, a case must be remanded "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction." 28 U.S.C. § 1447(c). On a motion to remand, "the defendant 'bears the burden of demonstrating the propriety of removal.'" *Adam Devs. Enters., Inc. v. Arizon Structures Worldwide, LLC*, No. 13-CV-261, 2013 WL 5532752, at *2 (E.D.N.Y. Sept. 30, 2013) (quoting *Cal. Pub. Emps.' Ret. Sys. v. WorldCom, Inc.*, 368 F.3d 86, 100 (2d Cir. 2004)).

Federal courts have original jurisdiction over civil actions that satisfy the diversity requirements set forth in 28 U.S.C. § 1332: that the amount in controversy exceed $75,000 and that the parties are citizens of different states. 28 U.S.C. § 1332(a). The plaintiff does not deny that the parties are citizens of different states. He claims, however, that the amount in controversy requirement is not satisfied because his lawsuit "seeks vacatur of a blight on title, not money damages, and certainly not in excess of . . . $75,000." (ECF No. 8 ¶ 7.) "In a removal case in which the jurisdictional amount is controverted, the defendant has the burden of

---

[1] On February 12 and 19, 2025, the plaintiff filed additional "objection[s] to removal." (ECF Nos. 10, 13.)

proving that it appears to 'a reasonable probability that the claim is in excess of the statutory jurisdictional amount.'" *Houston v. Scheno*, No. 06-CV-2901, 2007 WL 2230093, at *3 (E.D.N.Y. July 31, 2007) (quoting *Mehlenbacher v. Akzo Nobel Salt, Inc.*, 216 F.3d 291, 296 (2d Cir. 2000)). Courts "evaluate jurisdictional facts, such as the amount in controversy, on the basis of the pleadings, viewed at the time when defendant files the notice of removal." *Blockbuster, Inc. v. Galeno*, 472 F.3d 53, 56–57 (2d Cir. 2006) (citation omitted). Federal law provides that the defendant's "notice of removal may assert the amount in controversy if the initial pleading seeks nonmonetary relief." 28 U.S.C. § 1446(c)(2)(A); *see also Kresin v. MRO Corp.*, No. 23-CV-3149, 2023 WL 5153489, at *1 (E.D.N.Y. Aug. 10, 2023) ("In determining whether this burden has been satisfied, courts generally 'look first to the plaintiff['s] complaint and then to [the defendant's] petition for removal.'" (alteration in original) (quoting *Mehlenbacher*, 216 F.3d at 296)). The Court need only find that that amount in controversy has been established by a preponderance of the evidence. 28 U.S.C. § 1446(c)(2)(B).

It is true, as the plaintiff argues, that he does not seek monetary damages in his complaint. But in actions for non-monetary relief, the amount in controversy "is measured by the value of the object of the litigation." *Sasson v. Mann*, No. 21-922, 2022 WL 1580596, at *3 (2d Cir. May 19, 2022) (citation omitted). When a plaintiff does not seek money damages, the "value of the suit's intended benefit . . . constitutes the amount in controversy" and is "calculated from the plaintiff's standpoint." *DIRECTV Latin Am., LLC v. RCTV Int'l Corp.*, No. 11-CV-05456, 2012 WL 13064909, at *2 (S.D.N.Y. May 30, 2012) (quoting *Kheel v. Port of N.Y. Auth.*, 457 F.2d 46, 48 (2d Cir. 1972)). "[W]here a plaintiff has commenced an action to quiet title to real property, the amount in controversy is determined by the value of the realty directly affected by the contest for ownership." *Correspondent Servs. Corp. v. JVW Inv., Ltd.*, No. 99-CV-8934,

3

2004 WL 2181087, at *8 (S.D.N.Y. Sept. 29, 2004), *aff'd sub nom. Correspondent Servs. Corp. v. First Equities Corp. of Fla.*, 442 F.3d 767 (2d Cir. 2006).

In this case, the defendant asserts in the notice of removal that the amount in controversy is satisfied by either the outstanding mortgage balance or the value of the property at issue, assessed to be $733,000. (ECF No. 1 ¶¶ 14–16.) In the complaint, the plaintiff alleges that the outstanding mortgage balance is $173,000 (ECF No. 1-2 ¶ 6), and the assessed property value is a matter of public record (ECF No. 1 ¶ 16 n.1). Either amount is sufficient to satisfy the amount in controversy requirement.

Nor is the Court's exercise of diversity jurisdiction "discretionary," as the plaintiff claims. (ECF No. 8 ¶¶ 4–5.) On the contrary, "[w]hen a case is properly removed based on diversity jurisdiction, the district court may not remand it, as diversity jurisdiction is not discretionary." *Parnoff v. Fireman's Fund Ins. Co.*, 796 F. App'x 6, 9 (2d Cir. 2019) (citing *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 356 (1988), *superseded on other grounds by* 28 U.S.C. § 1447(c)). In this case, the defendant complied with the removal procedure outlined in 28 U.S.C. § 1447(c) and the Court has subject matter jurisdiction. Accordingly, the plaintiff's motion to remand the case is denied.[2]

The remainder of the plaintiff's motion addresses the merits of the case; the Court will consider those arguments in deciding the defendant's pending motion to dismiss.

## CONCLUSION

For these reasons, the plaintiff's motion to remand the case is denied.

---

[2] In his February 12, 2025 "objection to removal" (ECF No. 10), the plaintiff cites the defendant's appearance in a different state court action and claims that the defendant "waive[d] its removal by actively litigating *the very same case and mortgage*" in New York state court. (*Id.* at 2 (emphasis in original).) The plaintiff raises the same concerns in his February 19, 2025 "notice of objection." (ECF No. 13.) However, the defendant's appearance in that action has no bearing on the diversity jurisdiction requirements at issue here.

**SO ORDERED.**

                                                s/Ann M. Donnelly

                                        ANN M. DONNELLY
                                        United States District Judge

Dated:  Brooklyn, New York
         February 20, 2025