UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------------- X
                                                                  :
**RUSSELL CARBONE**,                                              :
                                                                  :
                    Plaintiff,                                  :
                                                                  :   **MEMORANDUM DECISION AND**
        – against –                                        :   **ORDER**
                                                                  :
                                                                  :   25-CV-290 (AMD) (VMS)
**REAL TIME RESOLUTIONS, INC.**,                                  :
                                                                  :
                    Defendant.                                  :
                                                                  :
----------------------------------------------------------------- X

**ANN M. DONNELLY**, United States District Judge:

The *pro se* plaintiff brought this quiet title action in New York State Supreme Court, Kings County. The defendant timely removed the action to this Court pursuant to 28 U.S.C. §§ 1332(a), 1441, and 1446. Before the Court is the defendant's motion to dismiss the case. For the following reasons, the motion is granted.

## BACKGROUND

The property at issue is located at 2324 Bedford Avenue in Brooklyn, New York. (ECF No. 1-2 ¶ 1.) On February 27, 2007, Jacqueline Kelly took out a mortgage on 2324 Bedford with First United Mortgage Banking Corp. (*Id.* ¶ 6; NYSCEF No. 4 (Ex. B, Mortgage Agreement) at 2.)[1] That day, First United assigned its interest in the mortgage to Mortgage Electronic Registration Systems, Inc. ("MERS"). (ECF No. 1-2 ¶ 6; NYSCEF No. 5 (Ex. C, MERS Assignment).) The mortgage agreement, recorded in the City Register on March 13, 2007, provided that Kelly would make monthly payments through March 1, 2022. (ECF No. 1-2 ¶ 6;

---

[1] The defendant did not attach the exhibits to the plaintiff's complaint with its notice of removal. The Court cites these exhibits by their docket numbers on the New York State Courts E-Filing system ("NYSCEF"), as filed in *Carbone v. Real Time Resolutions, Inc.*, Index No. 535314/2024 (N.Y. Sup. Ct.).

NYSCEF No. 4 (Ex. B, Mortgage Agreement) at 2–3.)  The assignment to MERS was recorded in the City Register on April 12, 2017.  (NYSCEF No. 5 (Ex. C, MERS Assignment) at 3.)[2]

On April 13, 2017, MERS assigned its interest in the mortgage to the defendant, a Texas loan servicing company.  (ECF No. 1-2 ¶ 6; NYSCEF No. 6 (Ex. D, RTR Assignment).)  The assignment was recorded in the City Register on April 17, 2017.  (NYSCEF No. 6 (Ex. D, RTR Assignment) at 2.)  The plaintiff alleges that this assignment "lack[ed] a certificate of conformity, rendering the document defective."  (ECF No. 1-2 ¶ 6.)

On December 5, 2023, Joscelyn and Lauret Campbell transferred title to 2324 Bedford to the plaintiff.  (NYSCEF No. 3 (Ex. A, 2023 Carbone Transfer).)  The record does not reflect when or how the Campbells obtained title to the property, and the City Register does not document any transfer of the deed to the Campbells in the first instance.  Moreover, there is a different transfer of title from Kelly to Carbone, dated August 24, 2018, (ECF No. 7-6 (Ex. E, 2018 Carbone Transfer)), which is also recorded in the City Register, New York City Department of Finance, Automated City Register Information System, Document ID 2018092100741001, https://a836-acris.nyc.gov/CP/ (last visited July 28, 2025).[3]  The plaintiff does not explain why there are two transfers — of the same property — to him on different dates recorded in the City Register.

---

[2] New York City's Automated City Register Information System ("ACRIS") records the date of the assignment as June 22, 2009.  New York City Department of Finance, Automated City Register Information System, Document ID 2017041400745001, https://a836-acris.nyc.gov/CP/ (last visited July 28, 2025).

[3] While both parties submit the ACRIS record for 2324 Bedford as an exhibit (NYSCEF No. 7 (Ex. E, ACRIS Report); ECF No. 7-5 (Ex. D, ACRIS Report)), the plaintiff's exhibit does not include the entry memorializing the August 2018 transfer.  For the sake of completeness, the Court relies on the publicly available online ACRIS report.

On December 24, 2024, the plaintiff filed suit in New York State Supreme Court, Kings County, seeking to expunge the defendant's mortgage and to quiet title the property. (ECF No. 1-2.) He alleges that the defendant "has never collected, billed or enforced this apparently defunct mortgage or assignments thereto," and that the six-year statute of limitations permitting the defendant to do so has since expired. (*Id.* ¶¶ 7, 10 (citing N.Y. C.P.L.R. 213(4)).) As a result, the plaintiff says, the defendant's mortgage is "wild/invalid" and "constitutes a Blight on Title" that "needs to be removed." (*Id.* ¶¶ 11–12.)

The defendant timely removed the action to this Court on the basis of diversity jurisdiction, (ECF No. 1 ¶ 6), and on January 24, 2025, moved to dismiss the complaint for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), (ECF No. 7). On July 24, 2025, the defendant asked to amend its motion to dismiss (ECF No. 18), because it "mistakenly attached the wrong mortgage as Exhibit A and noted the wrong maturity date for the subject mortgage" to the original motion, (ECF No. 18-2 ¶ 3). The Court grants the defendant's request because the "amendment offers no substantive change to any of the arguments briefed by the parties and only corrects the mortgage information and relevant maturity date." (ECF No. 18 at 3.)

## LEGAL STANDARD

A court may dismiss a case for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) challenge, a complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662,

678 (2009)).  Although a plaintiff need not set forth "detailed factual allegations," a complaint that includes only "labels and conclusions" or "a formulaic recitation of the elements of a cause of action will not do."  *Twombly*, 550 U.S. at 555.  A court considering a Rule 12(b)(6) motion "accept[s] all factual allegations in the complaint as true and draw[s] all inferences in the plaintiff's favor."  *Walker v. Schult*, 717 F.3d 119, 124 (2d Cir. 2013).

Ordinarily, the Court "liberally construe[s]" a *pro se* complaint, *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), and reads it "to raise the strongest arguments that they suggest," *Fowlkes v. Ironworkers Loc. 40*, 790 F.3d 378, 387 (2d Cir. 2015) (quoting *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006)).  The Second Circuit has explained, however, that this "special solicitude . . . may be lessened where the particular *pro se* litigant is experienced in litigation," and that a "lawyer representing himself ordinarily receives no such solicitude at all."  *Tracy v. Freshwater*, 623 F.3d 90, 102 (2d Cir. 2010).

The plaintiff is a disbarred lawyer with two criminal convictions,[4] and has recently litigated real property cases like this one.  *E.g.*, *Carbone v. Martin*, No. 18-CV-3509, 2023 WL 2477682 (E.D.N.Y. Mar. 13, 2023); *Carbone v. Deutsche Bank Nat. Tr. Co.*, 145 A.D.3d 848 (2d Dep't 2016).  Under these circumstances, the Court does not give the plaintiff the special solicitude typically given to *pro se* litigants.  *See Parent v. New York*, 485 F. App'x 500, 502–03 (2d Cir. 2012) ("[A]s a suspended attorney with over twenty years of experience . . . [the *pro se*

---

[4] In 2001, the plaintiff was convicted of conspiracy to defraud the United States, subornation of perjury, obstruction of justice and making false declarations before a court.  *In re Carbone*, 285 A.D.2d 225, 226 (2d Dep't 2001).  Two years ago, in 2023, he pleaded guilty to a "wide-ranging scheme to steal residential properties by filing forged deeds with city officials," after which "the court voided deeds to seven homes in Queens and two in Nassau County so they could be returned to their rightful owners."  Queens District Attorney, Press Release (Dec. 27, 2023), https://queensda.org/con-men-corporation-plead-guilty-in-deed-fraud-scheme-to-steal-houses-in-queens-nassau.

4

Petitioner] is not entitled to such special solicitude." (internal quotation marks omitted)); *Capogrosso v. Gelbstein*, No. 18-CV-2710, 2019 WL 6406444, at *5 (E.D.N.Y. Jan. 30, 2019) (stating that a *pro se* attorney "is not entitled to the solicitude afforded to *pro se* litigants"), *report and recommendation adopted*, 2019 WL 4686448 (E.D.N.Y. Sept. 25, 2019).

## DISCUSSION

To bring a quiet title claim in New York, "a plaintiff must allege actual or constructive possession of the property and the existence of a removable cloud on the property, which is an apparent title, such as in a deed or other instrument, that is actually invalid or inoperative." *Acocella v. Wells Fargo Bank, N.A.*, 139 A.D.3d 647, 649 (2d Dep't 2016) (citing N.Y. Real Prop. Acts. Law § 1515). Additionally, "a person having an estate or interest in real property subject to a mortgage may maintain an action to secure the cancellation and discharge of the encumbrance . . . if the applicable statute of limitations for commencing a foreclosure action has expired." *97 Lyman Ave., LLC v. MTGLQ Invs., L.P.*, 233 A.D.3d 1038, 1041 (2d Dep't 2024) (quoting *U.S. Bank N.A. v. Medianik*, 223 A.D.3d 935, 938 (2d Dep't 2024)). In New York, the statute of limitations to enforce a mortgage is six years. N.Y. C.P.L.R. 213(4).

The plaintiff alleges that he is entitled to quiet title because the 2017 assignment of the mortgage from MERS to the defendant "lack[ed] a certificate of conformity, rendering the document defective." (ECF No. 1-2 ¶ 6.) He also seeks to cancel the mortgage on the grounds that the defendant's six-year statute of limitations to enforce the mortgage has run. (*Id.* ¶¶ 7, 10 (citing N.Y. C.P.L.R. 213(4)).) He maintains that the "Balloon Payment Rider" to the mortgage agreement required the defendant to provide written notice stating the maturity date and amount of the balloon payment at least ninety days before March 1, 2022; the plaintiff says that the

5

defendant did not give the required notice, which "nullifie[d] the enforceability of the instrument." (ECF No. 15 at 12; *see also* NYSCEF No. 4 (Ex. B, Mortgage Agreement) at 10.)[5]

The defendant asserts that the MERS assignment was valid, and that the statute of limitations for enforcing the mortgage has not run. (ECF No. 18-3 at 10–13.)[6] According to the defendant, "the absence of a certificate of conformity does not render the [assignment] defective" because it "contained an acknowledgment that substantially complied with New York's requirements." (*Id.* at 11–12.) In any event, the defendant maintains, the absence of a certificate of conformity is irrelevant unless there is prejudice. (*Id.* at 12 (collecting cases).) Additionally, the defendant contends that "when a mortgage is payable in installments, separate causes of action accrue as to each installment that is not paid," and that because "the last installment pursuant to . . . [the mortgage] is due on March 1, 2022," the limitations period "will not expire until 2028." (*Id.* at 12–13 (citation omitted).)

First, the document assigning the mortgage to the defendant satisfied the relevant statutory requirements. In New York, "a certificate of conformity is required whenever an oath is acknowledged in writing outside of New York by a non-New York notary, and the document is proffered for use in New York litigation." *Midfirst Bank v. Agho*, 121 A.D.3d 343, 350 (2d Dep't 2014) (citing N.Y. C.P.L.R. § 2309(c)). Similarly, New York "provides template language

---

[5] The plaintiff initially argued that the Balloon Payment Rider date of March 1, 2022, "superseded" any subsequent mortgage installment payment due dates. (ECF No. 15 at 11; *see also* NYSCEF No. 4 (Ex. B, Mortgage Agreement) at 10.) However, the defendant, in its amended motion to dismiss, now agrees that March 1, 2022, is the operative accrual date. (ECF No. 18 at 2.)

[6] The defendant also argues that the plaintiff does not have standing to challenge the assignment of the mortgage because the assignment "was solely between MERS and RTR." (ECF No. 18-3 at 11 (collecting cases)). However, New York courts have explained that "reliance on the principle of contract law that a person must be a party to the contract or a third-party beneficiary to have standing is misplaced" where, as here, the plaintiff's "causes of action to cancel and remove the subject assignments of mortgage . . . are expressly authorized by statute." *Silverberg v. Bank of N.Y. Mellon*, 165 A.D.3d 1193, 1195 (2d Dep't 2018) (citing N.Y. Real Prop. Law § 329).

6

for a certificate of acknowledgment or proof of execution, made [outside New York], for real property conveyances within the state." *Id.* (discussing N.Y. Real Prop. Law § 309-b). New York courts have held that "[o]ut-of-state affidavits need merely conform 'substantially' to the . . . statutory template to be adequate." *Id.* at 351 (citing N.Y. Real Prop. Law § 309-b).

Although the assignment from MERS to the defendant does not include a certificate of conformity, it does have a certificate of acknowledgement, the language of which is almost identical to the statutory language in New York Real Property Law § 309-b(1). (*See* NYSCEF No. 6 (Ex. D, RTR Assignment).) In *Midfirst Bank*, the Second Department held that a certificate of acknowledgement which "substantially conformed with [this] template requirement . . . constituted a certificate of conformity" and satisfied all statutory requirements. 121 A.D.3d at 351. In any event, "even if the assignments of mortgage and affidavit were not accompanied by a certificate of conformity, the absence of a certificate of conformity is a mere irregularity, not a fatal defect, which can be disregarded in the absence of a showing of actual prejudice." *Cap. One, N.A. v. Mc Cormack*, 183 A.D.3d 644, 645 (2d Dep't 2020); *see also Midfirst Bank*, 121 A.D.3d at 351 (collecting cases).[7] The plaintiff has not established that this "mere irregularity" caused actual prejudice.

---

[7] Although the argument is not especially clear, the plaintiff also asserts that the defendant has no interest in the property because it "demonstrates no possession of the underlying note, only the mortgage." (ECF No. 15 at 10.) However, "a document describing itself as an assignment of a mortgage can also validly assign the underlying note through incorporating by reference the obligations of the note, thereby manifesting an intent to transfer both note and mortgage." *175 W. 76th St. LLC v. Lichter Real Est. No. One, L.L.C.*, 232 N.Y.S.3d 724, 729–30 (N.Y. Sup. Ct. N.Y. Cnty. 2025). Here, the assignment states that it "assigns . . . the said Mortgage . . . and the full benefit of all the powers and of all the covenants and provisos therein contained" as well as the "interest under the Mortgage." (*See* NYSCEF No. 6 (Ex. D, RTR Assignment) at 3.) Under New York law, this is sufficient to assign the underlying note. *See Chase Home Fin., LLC v. Miciotta*, 101 A.D.3d 1307, 1307–08 (3d Dep't 2012) (finding assignments containing language assigning the mortgage and "all rights therein and thereto, all liens created or secured thereby, all obligations therein described, the money due and to become due thereon with interest" or "all indebtedness secured thereby" sufficient to transfer both the mortgage and note).

7

Second, the applicable six-year statute of limitations under N.Y. C.P.L.R. 213(4) has not expired. In New York, the "statute of limitations in a mortgage foreclosure action begins to run from the due date for each unpaid installment, or from the time the mortgagee is entitled to demand full payment, or from the date the mortgage debt has been accelerated." *Plaia v. Safonte*, 45 A.D.3d 747, 748 (2d Dep't 2007) (collecting cases). The parties seem to agree that no payments have been made on the mortgage, and that the final payment was due on March 1, 2022. (*See* ECF No. 1-2 ¶¶ 8–10; ECF No. 18-3 at 12–13; ECF No. 15 at 6.) Thus, the accrual date for the statute of limitations runs until March 1, 2028.

Nor did the Balloon Payment Rider terms modify the statute of limitations, as the plaintiff claims. In New York, "[p]arties to a contract may agree in writing to shorten the period of time in which to commence an action provided the intent to do so is expressed in clear terms and the time period is reasonable." *Whitney Lane Holdings, LLC v. Don Realty, LLC*, 159 A.D.3d 1163, 1165 (3d Dep't 2018) (citations omitted). But that did not happen here. The Balloon Payment Rider provides only that "[a]t leas[t] . . . 90 . . . but not more than . . . 120 . . . days prior to [March 1, 2022,] Lender must send Borrower a notice which states the Maturity Date and the amount of the 'balloon payment' which will be due." (NYSCEF No. 4 (Ex. B, Mortgage Agreement) at 10.) This language describes a notice requirement; it does not "express[] in clear terms" that the parties agreed to modify the applicable statute of limitations. *Whitney Lane Holdings*, 159 A.D.3d at 1165; *see also E\*Trade Fin. Corp. v. Deutsche Bank AG*, 420 F. Supp. 2d 273, 287 (S.D.N.Y. 2006) (rejecting an "attempt to turn . . . language" providing that certain contractual representations would "expire" after eighteen months "into a shortening of the statute of limitations"). Accordingly, the plaintiff cannot state a claim for quiet title.

8

## CONCLUSION

For these reasons, the defendant's motion to dismiss is granted. The Clerk of Court is respectfully directed to enter judgment, close this action, and mail a copy of this order to the plaintiff.

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith. Therefore, *in forma pauperis* status is denied for purposes of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

**SO ORDERED.**

s/Ann M. Donnelly
ANN M. DONNELLY
United States District Judge

Dated: Brooklyn, New York
       July 29, 2025